■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG HUNTSMAN, Appellant. [745 NYS2d 366] —Appeal from a

judgment of Ontario County Court (Doran, J.), entered December 13, 2000, convicting defendant after a jury trial of, inter alia, felony driving while intoxicated (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [i]) and one count of leaving the scene of an incident without reporting (§ 600). We reject the contention of defendant in his pro se supplemental brief that he was denied effective assistance of counsel. "[W]ithout the benefit of additional background facts that might have been developed had an appropriate postjudgment motion been made pursuant to CPL 440.10 * * *, the record before us does not indicate that defendant's trial representation was ineffective" (*People v Espinal*, 220 AD2d 276, 276, *lv denied* 87 NY2d 900). The claim of defendant that defense counsel was ineffective because he failed to call defendant's brother and father as witnesses at the suppression hearing and at trial is supported by affidavits that are not part of the record on appeal, but instead are attached to the pro se supplemental brief. Those affidavits therefore are not properly before us. We further reject defendant's contention that County Court erred in failing to order an updated presentence investigation report before sentencing defendant. The court had before it a "pre-plea investigation report" that was prepared prior to trial and was dated within three months of sentencing. Where, as here, the court is " 'fully familiar with any changes in defendant's status, conduct or condition since the original report was prepared, an updated report is not required' " (*People v Perry*, 278 AD2d 933, 933, *lv denied* 96 NY2d 866, quoting *People v Reaves*, 216 AD2d 945, *lv denied* 86 NY2d 801). The sentence is not unduly harsh or severe. Present—Hayes, J.P., Wisner, Hurlbutt, Burns and Lawton, JJ.