THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SMITH, Appellant. [775 NYS2d 688]—

Appeal from a judgment of the Supreme Court, Monroe County (Donald J. Mark, J.), rendered October 9, 2001. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree and harassment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]) and harassment in the second degree (§ 240.26 [1]). Defendant contends that Supreme Court erred in correcting the typographical error in the grand jury minutes concerning the date of the crime based on the testimony of the grand jury stenographer that she had erred in transcribing her notes. We reject that contention. The grand jury is a "part of [the] court" (CPL 190.05) and, in correcting the typographical error, the court properly exercised its judicial authority to preside over the grand jury pursuant to CPL 190.20 (*see generally Alvarez v Snyder*, 264 AD2d 27, 34-35 [2000], *lv denied* 95 NY2d 759 [2000], *cert denied sub nom. Diaz v Snyder,* 531 US 1158 [2001]). Contrary to the further contention of defendant, the court properly denied his CPL 190.50 motion upon determining that he failed to meet his initial burden of proof at the hearing held on the motion (*see People v Joshua*, 243 AD2d 345 [1997], *lv denied* 91 NY2d 893 [1998]).

We reject the contention of defendant in his pro se supplemental brief that he was indicted for violating one order of protection but was tried and convicted for violating a different order of protection. Defendant was both indicted and tried on the theory that he violated an order of protection issued by Rochester City Court forbidding any offensive contact with the victim. The further contention of defendant in his pro se supplemental brief that he did not receive meaningful representation at his CPL 190.50 hearing because defense counsel failed to call a certain witness to testify is not reviewable on the record before us (*see People v Huntsman*, 296 AD2d 858, 859 [2002], *lv denied* 99 NY2d 536, 615 [2002]; *see generally People v Brown*, 45 NY2d 852, 853-854 [1978]). We otherwise conclude that defendant received meaningful representation (*see People v Baldi*, 54 NY2d

137, 147 [1981]), and the sentence is neither unduly harsh nor severe. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.