[828 NE2d 958, 796 NYS2d 1]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEN-NETH SMITH, Appellant.

Decided March 24, 2005

## APPEARANCES OF COUNSEL

*Edward J. Nowak, Public Defender*, Rochester (*Timothy P. Donaher* of counsel), for appellant.

*Michael C. Green, District Attorney*, Rochester (*Michael J. Nolan* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Following indictment, defendant moved under CPL 210.30 (1) to inspect the grand jury minutes and dismiss the indictment on the ground that "[t]he evidence before the grand jury was not legally sufficient to establish the offense[s] charged" (CPL 210.20 [1] [b]). After reviewing the transcript of the grand jury proceeding, Supreme Court found that the evidence presented to the grand jury was, in fact, sufficient. In a decision and order to this effect, Supreme Court also pointed out that the indictment stated that the charged crimes occurred on a date other than the date appearing in the minutes, and invited the People to make an application to modify the indictment accordingly. Defendant renewed his motion to dismiss the indictment for legal insufficiency. Supreme Court held a hearing to inquire into the discrepancy between the dates, ultimately concluding that the minutes contained a simple typographical error. A jury subsequently convicted defendant of several of the crimes charged.

Defendant insists that Supreme Court was required to dismiss the indictment under these circumstances. Because Supreme

Court conducted the hearing in the context of defendant's CPL 210.30 motion to inspect and dismiss, defendant has not presented us with a reviewable issue. Specifically, CPL 210.30 (6) provides that "[t]he validity of an order denying any motion made pursuant to this section is not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence." Defendant does not challenge the legal sufficiency of the trial evidence.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSEN-BLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed in a memorandum.