■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES W. GILLEO, JR., Appellant. [895 NYS2d 517]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered April 1, 2008, convicting him of murder in the first degree (20 counts), murder in the second degree (10 counts), arson in the third degree (2 counts), robbery in the first degree (6 counts), conspiracy in the fourth degree, perjury in the second degree, and conspiracy in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his guilt, beyond a reasonable doubt, of 20 counts of murder in the first degree, 10 counts of murder in the second degree, two counts of arson in the third degree, six counts of robbery in the first degree, and perjury in the second degree (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]; *People v Scott*, 67 AD3d 1033 [2009]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Although the defendant preserved for appellate review his contention that his conviction of conspiracy in the fourth degree and conspiracy in the fifth degree was not supported by legally sufficient evidence, the evidence was legally sufficient to establish his guilt of those crimes beyond a reasonable doubt.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]; *People v Hernandez*, 67 AD3d 820 [2009]), we nevertheless accord great

deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 636 [2006]; *People v Tyrell*, 67 AD3d 827 [2009]).

The defendant's claim that the trial court erred in denying his motion to strike the panel of jurors is based on matter dehors the record, and cannot be reviewed on direct appeal (*see People v Tomlinson*, 67 AD3d 826 [2009]; *People v Mingo*, 66 AD3d 1043 [2009]; *People v Robinson*, 159 AD2d 598 [1990]).

Defense counsel's stipulation to the admission into evidence of a witness's statement in its entirety did not constitute ineffective assistance of counsel. The defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's conduct in this regard (*see People v Moore*, 66 AD3d 707, 717 [2009]; *People v Clarke*, 66 AD3d 694, 696 [2009]).

The defendant's contention that the trial court erred in refusing to allow him to impeach a witness with extrinsic evidence is without merit. A party cross-examining a witness cannot introduce extrinsic evidence to contradict a witness's answers concerning collateral matters solely for the purpose of impeaching that witness's credibility (*see People v Carey*, 67 AD3d 925 [2009]; *People v Olivares*, 34 AD3d 602 [2006]). Here, the identities of the inmates who were incarcerated in the same unit as both the defendant and the witness sought to be cross-examined were collateral matters, bearing only on that witness's credibility.

The remaining contentions in the defendant's main brief are unpreserved for appellate review and, in any event, are without merit.

The defendant's contention in his supplemental pro se brief that the grand jury proceedings were defective is not reviewable on this appeal. Here, the defendant's conviction was based upon legally sufficient evidence and, under the circumstances of this case, the validity of the order denying the defendant's motion to inspect the grand jury minutes and dismiss the indictment is not reviewable (*see People v Smith*, 4 NY3d 806, 808 [2005]). Specifically, the defendant's claims as to the competency of the evidence before the grand jury are not properly before this Court (*see People v Smith*, 4 NY3d at 808; *People v Prezioso*, 199 AD2d 343, 344 [1993]; CPL 210.30 [6]).

The defendant's remaining contentions in his supplemental

pro se brief are without merit. Skelos, J.P., Angiolillo, Balkin and Lott, JJ., concur.