THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE M. EDGESTON, Appellant. [934 NYS2d 897]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant contends that Supreme Court erred in failing to dismiss the indictment based upon a variance in dates between the indictment and the grand jury testimony. That contention arose in the context of defendant's motion to dismiss the indictment based on the legal insufficiency of the evidence before the grand jury, however, and thus is not reviewable on this appeal from

the ensuing judgment based upon legally sufficient trial evidence (*see People v Smith*, 4 NY3d 806, 807-808 [2005], *affg* 6 AD3d 1188 [2004]; *see generally* CPL 210.30 [6]; *People v Cobb*, 72 AD3d 1565, 1565-1566 [2010], *lv denied* 15 NY3d 803 [2010]; *People v Lee*, 56 AD3d 1250, 1251 [2008], *lv denied* 12 NY3d 818 [2009]). Contrary to defendant's further contention, we conclude that the court properly refused to suppress the weapon at issue. The evidence adduced at the suppression hearing established that the police conduct was "justified in its inception and at every subsequent stage of the encounter" (*People v Nicodemus*, 247 AD2d 833, 835 [1998], *lv denied* 92 NY2d 858 [1998]; *see People v De Bour*, 40 NY2d 210, 215 [1976]). Present—Smith, J.P., Peradotto, Lindley, Green and Martoche, JJ.