# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1333

KA 08-01367

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

RONNIE M. EDGESTON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered May 8, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant contends that Supreme Court erred in failing to dismiss the indictment based upon a variance in dates between the indictment and the grand jury testimony. That contention arose in the context of defendant's motion to dismiss the indictment based on the legal insufficiency of the evidence before the grand jury, however, and thus is not reviewable on this appeal from the ensuing judgment based upon legally sufficient trial evidence (*see People v Smith*, 4 NY3d 806, 807-808, *affg* 6 AD3d 1188; *see generally* CPL 210.30 [6]; *People v Cobb*, 72 AD3d 1565, 1565-1566, *lv denied* 15 NY3d 803; *People v Lee*, 56 AD3d 1250, 1251, *lv denied* 12 NY3d 818). Contrary to defendant's further contention, we conclude that the court properly refused to suppress the weapon at issue. The evidence adduced at the suppression hearing established that the police conduct was "justified in its inception and at every subsequent stage of the encounter" (*People v Nicodemus*, 247 AD2d 833, 835, *lv denied* 92 NY2d 858; *see People v De Bour*, 40 NY2d 210, 215).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court