■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILY VEGA, Appellant. [945 NYS2d 288]—

Judgment, Supreme Court, Bronx County (Colleen Duffy, J.), rendered September 20, 2010, convicting defendant, after a nonjury trial, of attempted criminal contempt in the second degree and harassment in the second degree, and sentencing her to a conditional discharge and a fine of $125, unanimously affirmed.

The information charging defendant with harassment in the second degree was facially sufficient (CPL 100.40). The information set out that defendant approached the victim and stated, "[W]hat happened before ain't over and I'm going to finish what I started." The information also stated that the victim had a valid order of protection against defendant, which provided proof that "tend[ed] to support the charges" (CPL 100.15 [3]; cf. People v Todaro, 26 NY2d 325, 329-330 [1970]).

The evidence was legally sufficient to establish defendant's guilt of harassment in the second degree. The victim testified that defendant walked "very close" to her face, and threatened that "this wasn't over yet," "that it was going to get worse" and that she "was going to finish off what she had started." The victim perceived these statements as a threat because of the way defendant said them, and because defendant had hurt her on a prior occasion (see Penal Law § 240.26 [1]; compare People v Dietze, 75 NY2d 47, 53-54 [1989]). We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]). There is no basis for disturbing the credibility determinations of the trial court.

Defendant failed to preserve her constitutional claim that she was denied her right to the assistance of counsel when counsel's request to make a closing argument was denied (see People v Lane, 7 NY3d 888, 889 [2006]; People v Kello, 96 NY2d 740, 743 [2001]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. While a defendant sentenced to a conditional discharge has the right to assistance of counsel (Alabama v Shelton, 535 US 654, 658 [2002]), that right was not infringed in this matter. The record shows

that counsel presented what, in effect, was a summation, in moving to dismiss the charges at the close of the People's case and again at the close of the evidence. Counsel presented all of the arguments ultimately presented on appeal in challenging the weight and sufficiency of the evidence. The trial court, therefore, received the benefit of counsel's distillation of the evidence and highlighting of weaknesses in the prosecution's case (cf. *Herring v New York*, 422 US 853, 864 [1975]). Concur— Mazzarelli, J.P., Catterson, DeGrasse, Richter and Manzanet-Daniels, JJ.