# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1104**

**KA 13-00939**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANDRE N. JACKSON, DEFENDANT-APPELLANT.

---

DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered February 8, 2013. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of one count of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and two counts of criminal possession of a weapon in the third degree (§ 265.02 [1], [3]). To the extent that defendant contends on appeal that the conviction is not supported by legally sufficient evidence, we reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495). Furthermore, viewing the evidence in light of the elements of the crimes in this bench trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). The People presented evidence that defendant was apprehended in proximity to the victim's body. The recently-fired revolver, which was defaced, was recovered within 100 feet of defendant within the secured crime scene, while defendant's shoes and socks were located within 13 feet of the secreted revolver. Furthermore, DNA evidence revealed that it was probable that defendant had handled the revolver. Although the recovered ammunition had a firing pin impression, the firearms examiner successfully discharged the revolver with the recovered ammunition on his first attempt. Thus, contrary to defendant's contention, we conclude that County Court could have reasonably inferred that, " 'at some point before the defendant's apprehension by the police and the concomitant recovery of the [defaced revolver], he possessed a firearm loaded with operable ammunition' " (*People v*

*Taylor*, 83 AD3d 1505, 1506, *lv denied* 17 NY3d 822; *see People v Cavines*, 70 NY2d 882, 883).

Although defendant challenges the sufficiency of the evidence before the grand jury, we note that such a challenge is not properly before us.  It is well settled that such a challenge is "not reviewable on this appeal from the ensuing judgment based upon legally sufficient trial evidence" (*People v Edgeston*, 90 AD3d 1535, 1535-1536, *lv denied* 19 NY3d 973; *see* CPL 210.30 [6]).  Finally, contrary to defendant's further contention, we conclude that defendant's sentence is not unduly harsh or severe.

Entered:  November 14, 2014          Frances E. Cafarell
                                     Clerk of the Court