■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MELENDEZ, Appellant. [30 NYS3d 151]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered August 15, 2013, convicting him of conspiracy in the second degree, operating as a major trafficker, criminal sale of a controlled substance in the second degree, and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and a codefendant were arrested after a year-long investigation into a suspected heroin ring operating in Suffolk County. Suffolk County police conducted a wiretap investigation pursuant to a series of eavesdropping orders effective from September 23, 2010, through December 2010. Using information obtained from the wiretapped phone calls, the police conducted surveillance and observed multiple drug transactions. The execution of three search warrants resulted in the recovery of multiple sleeves of heroin, drug paraphernalia, and United States currency. As a result of the investigation, 27 individuals were indicted in connection with the alleged conspiracy, including the defendant and the codefendant.

The defendant contends, inter alia, that the County Court erred by, in effect,

permitting the lead detective in the investigation to testify as an expert, not only regarding various aspects and practices of the illegal drug trade in general, but as to the relationships among the individuals overheard on the phone calls in this case, and the meanings of terms specific to this case, which he knew only as a result of his own participation in the investigation. It was proper to permit the detective to describe certain practices and define certain terms that have a "fixed meaning . . . within the narcotics world" (*People v Inoa*, 25 NY3d 466, 474 [2015] [internal quotation marks omitted]). However, it was error to permit the prosecutor to elicit testimony as to the roles played by the individuals overheard in the phone calls, and the relationships among them, for example, that several were "runners or workers" for the defendant or codefendant, and the meanings of certain "case-specific" terms that he had discovered in the course of the investigation. As the Court of Appeals cautioned in *People v Inoa*, where, as here, "the trial court qualifie[s] a government agent, intimately involved in the investigation of the case and development of the prosecution, to testify as an expert," there is a danger that the agent will end up "testifying beyond any cognizable field of expertise as an apparently omniscient expositor of the facts of the case" (*id.*

at 473), thereby usurping the role of the jury. Also improper was the testimony, elicited by the prosecutor from members of the surveillance teams who observed the defendant and his associates at the locations described in the phone calls, that what they witnessed was consistent with a drug transaction (*see People v Brown*, 97 NY2d 500, 506 [2002]). Nevertheless, we find that the improperly admitted testimony was harmless, as the proof of the defendant's commission of the charged crimes was overwhelming, and there is "no significant probability that, but for the error, the verdict . . . would have been less adverse" (*People v Inoa*, 25 NY3d at 472, citing *People v Crimmins*, 36 NY2d 230, 242 [1975]).

The defendant contends that the evidence of his guilt was legally insufficient. The defendant's argument is based solely on the detective's identification of the defendant's voice in the phone calls played for the jury, which the defendant contends was unreliable as a matter of law. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt. Contrary to the defendant's contention, the detective's testimony that he had listened to all the calls prior to testifying, and had spoken with the defendant in person for a few minutes after his arrest on December 9, 2010, was sufficient to permit the jurors to conclude beyond a reasonable doubt that the defendant was the speaker on those calls where the detective identified his voice (*see generally People v Gouveia*, 88 AD3d 814, 815 [2011]; *United States v Albergo*, 539 F2d 860, 864 [2d Cir 1976]). Alternatively, the defendant contends that the detective's testimony should be given little weight, and that, therefore, the verdict was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict was not against the weight of the evidence. Specifically, the detective's identification of the defendant's voice in the taped calls was based not only on his own personal experience of the defendant and his voice (*see People v Gouveia*, 88 AD3d at 815), but also on extensive evidence corroborating his identification testimony, including calls in which the other participant identified him by name, and testimony of members of surveillance teams who observed the defendant carrying out plans he had just discussed in phone calls.

The defendant further contends that the transcripts of the intercepted calls, which the jury was permitted to use as an aid, unduly enhanced the credibility of the detective's identification of the speakers. While including the names of the purported speakers in the written transcripts may not have been the best practice, it did not unduly prejudice the defendant in this case, since the People presented a witness who made voice identifications from the witness stand (*see United States v Chiarizio*, 525 F2d 289, 294 [2d Cir 1975]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85 [1982]). Rivera, J.P., Dillon, Chambers and Dickerson, JJ., concur.