The People of the State of New York, Respondent, 
against
William Harris, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (John T. Hecht, J.), rendered June 10, 2013. The judgment convicted defendant, after a nonjury trial, of attempted criminal possession of a controlled substance in the seventh degree.




ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial on charges of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15), attempted criminal possession of a controlled substance in the seventh degree (Penal Law §§ 110.00, 220.03), and harassment in the second degree (Penal Law § 240.26 [1]), defendant was convicted only of attempted criminal possession of a controlled substance in the seventh degree. On appeal, defendant contends that the Criminal Court violated his constitutional right to the assistance of counsel by denying his trial counsel the opportunity to make a closing argument. 
Since defense counsel was present in court when this alleged error occurred, she was required to have timely protested the court's ruling in order to preserve this claim for appellate review so as to afford the trial court the opportunity to promptly cure the alleged error (see CPL 470.05 [2]; People v Garay, 25 NY3d 62, 67 [2015]; People v Umali, 10 NY3d 417, 423 [2008]; People v Narayan, 54 NY2d 106, 112 [1981]; People v Vega, 95 AD3d 773 [2012]). Here, however, counsel failed to do so. Therefore, defendant's contention is unpreserved for appellate review (see People v Delvois, 32 Misc 3d 133[A], 2011 NY Slip Op 51443[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]) and, to the extent that defendant's claim can be considered an implicit constitutional challenge to CPL 350.10 (3) (c), which provides that in a "single judge trial" on an information in a local criminal court, "[t]he court may in its discretion permit the parties to deliver summations," that contention is likewise unpreserved (see CPL 470.05 [2]; People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006]; Delvois, 32 Misc 3d 133[A], 2011 NY Slip Op 51443[U]). Furthermore, we decline to review this claim in the interest of justice (see Vega, 95 AD3d 773; People v Kearse, 283 AD2d 262 [2001]). 
Accordingly, the judgment of conviction is affirmed.
Elliot, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: November 28, 2016