Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered October 7, 2013, convicting him of conspiracy in the second degree, operating as a major trafficker, criminal sale of a controlled substance in the second degree (two counts), and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of those branches of the defendant’s omnibus motion which were to suppress physical evidence and identification evidence.
 

 Ordered that the judgment is affirmed.
 

 The defendant and a codefendant were arrested after a yearlong investigation into a suspected heroin ring operating in Suffolk County. Suffolk County police conducted a wiretap investigation pursuant to a series of eavesdropping orders effective from September 23, 2010, through December 2010. Using information obtained from the wiretapped phone calls, the police conducted surveillance and observed multiple drug transactions. The execution of three search warrants resulted in the recovery of multiple sleeves of heroin, drug paraphernalia, and United States currency. As a result of the investigation, 27 individuals were indicted in connection with the alleged conspiracy, including the defendant and the codefendant.
 

 At trial, 390 recorded phone calls were played for the jury during the direct examination of the lead detective in the investigation. The detective was permitted, over the objections of the defendant’s and the codefendant’s attorneys, to testify as to the roles played by the individuals overheard in the phone calls, the relationships among them, and the meaning of certain terms that he had discovered in the course of the investigation.
 

 “The validity of an order denying any motion made pursuant to [CPL 210.30 to inspect the grand jury minutes and to dismiss or reduce an indictment on the ground of insufficiency of the grand jury evidence] is not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence” (CPL 210.30 [6]), and the defendant here does not challenge the legal sufficiency of the trial evidence (see People v Smith, 4 NY3d 806, 808 [2005]; People v Gilleo, 70 AD3d 1049, 1050 [2010]; People v Nealy, 32 AD3d 400, 402 [2006]).
 

 Contrary to the defendant’s contention, the indictment provided adequate notice regarding geographic jurisdiction under CPL 20.40 (2) (c). “The defendant has the right at common law and under the State Constitution to be tried in the county where the crime was committed unless the Legislature has provided otherwise” (People v Ribowsky, 77 NY2d 284, 291 [1991]; see People v Moore, 46 NY2d 1, 6 [1978]; People v Goldswer, 39 NY2d 656, 659-661 [1976]; NY Const, art I, § 2). “The burden is on the People to prove by a preponderance of the evidence that the county where the crime is prosecuted is the proper venue because either the crime was committed there ... or one of the statutory exceptions is applicable” (People v Ribowsky, 77 NY2d at 291-292 [citations omitted]; see People v Moore, 46 NY2d at 6; People v Tullo, 34 NY2d 712 [1974]). The relevant statutory exceptions are set forth in CPL 20.40. Pursuant to CPL 20.40 (1), a person may be convicted of an offense in a particular county when his or her conduct, or the conduct of another for which he or she is legally accountable on a theory of accomplice liability, occurred within that county sufficient to establish an element of such offense (see CPL 20.40 [1] [a]) or a conspiracy to commit such offense (see CPL 20.40 [1] [b]). A defendant is responsible for the conduct of his or her accomplices in another county if he or she “acted with the requisite mental culpability and intent to assist them in such conduct” (Matter of Silvestro v Kavanagh, 98 AD2d 833, 834 [1983]). Even where none of the conduct constituting an offense has occurred within a particular county, a person may be convicted in that county of the offense when the “conduct had, or was likely to have, a particular effect upon such county . . . , and was performed with intent that it would, or with knowledge that it was likely to, have such particular effect therein” (CPL 20.40 [2] [c]; see People v Wilson, 141 AD3d 737, 740 [2016]). A “particular effect of an offense” is defined as “a materially harm-fid impact upon the . . . community welfare of a particular jurisdiction” (CPL 20.10 [4]).
 

 Here, the indictment alleged, inter alia, that the defendant and the codefendant were directors of a heroin ring, and that they, directly or through their coconspirators, possessed and sold heroin in Queens and the Bronx for eventual resale to customers in Suffolk County. Contrary to the defendant’s contention, Matter of Steingut v Gold (42 NY2d 311 [1977]) does not stand for any particular “pleading requirements” to be met by an indictment relying upon CPL 20.40 (2) (c) for geographic jurisdiction. The indictment in that case was “defective on its face,” not because it was deficient in its language, but because it relied “on the injured forum statute as its sole jurisdictional base,” and CPL 20.40 (2) (c) “could have no application” to the offenses charged in that case (Matter of Steingut v Gold, 42 NY2d at 318). In contrast, the Court of Appeals cited a case involving “the sale of illicit drugs in one jurisdiction for the purpose of resale in another” as an example of facts demonstrating “perceptible material harmful impact” (id.), as required for CPL 20.40 (2) (c) to apply.
 

 Moreover, contrary to the defendant’s contention, the indictment provided adequate notice of the charges against him pursuant to CPL 200.50 (7) (a). The several de minimus errors in the language of the counts in the original indictment were corrected in the amended indictment. Moreover, the County Court providently exercised its discretion in granting leave to the People to amend the indictment, as the defendant was provided with “notice and opportunity to be heard,” and the amendments did not “change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits” (CPL 200.70 [1]).
 

 The County Court correctly found that the voice identification procedure conducted by the lead detective fell under the “confirmatory identification” exception. Therefore, the defendant was not entitled to a Wade hearing (United States v Wade, 388 US 218 [1967]), or to CPL 710.30 notice (see People v Boyer, 6 NY3d 427, 431-432 [2006]; People v Wharton, 74 NY2d 921 [1989]). Accordingly, the court did not err in denying that branch of the defendant’s omnibus motion which was to preclude the evidence pursuant to CPL 710.30.
 

 Likewise, the County Court properly denied that branch of the defendant’s omnibus motion which was for a pretrial hearing on the issue of probable cause for his warrantless arrest and whether the evidence obtained at the time of the arrest should be suppressed as the fruit of an unlawful seizure. CPL 710.60 (1) provides that a motion to suppress made before trial must state the ground or grounds of the motion and contain sworn allegations of fact supporting such grounds (see People v Garay, 25 NY3d 62, 71-72 [2015]). “Hearings are not automatic or generally available for the asking by boilerplate allegations” (People v Mendoza, 82 NY2d 415, 422 [1993]). The court may summarily deny the motion if “[t]he motion papers do not allege a ground constituting legal basis for the motion,” or, with two exceptions not relevant here, “[t]he sworn allegations of fact do not as a matter of law support the ground alleged” (CPL 710.60 [3] [a], [b]). “[T]he sufficiency of defendant’s factual allegations should be (1) [evaluated by] the face of the pleadings, (2) assessed in conjunction with the context of the motion, and (3) [evaluated by] defendant’s access to information” (People v Mendoza, 82 NY2d at 426; see People v Garay, 25 NY3d at 72; People v France, 12 NY3d 790, 791 [2009]; People v Jones, 95 NY2d 721, 725 [2001]). Here, in the context of a year-long investigation, in the face of allegations that he was a major figure in a drug-dealing conspiracy, and where probable cause was generated by police observations of the planning and execution of numerous drug transactions, the defendant’s claim of innocent conduct at the time of the arrest was insufficient to establish entitlement to a hearing (see People v Garay, 25 NY3d at 72; People v Jones, 95 NY2d at 726; People v Mendoza, 82 NY2d at 431). Nor did the defendant meet his initial burden under CPL 710.60 (1) of asserting facts showing a legitimate expectation of privacy regarding various locations where the police executed several search warrants (see People v Scully, 14 NY3d 861, 864 [2010]; People v Wesley, 73 NY2d 351, 359 [1989]; People v Ponder, 54 NY2d 160 [1981]). Accordingly, the court properly denied suppression of evidence recovered from those locations without a hearing.
 

 As we determined on the codefendant’s appeal, while “it was error to permit the prosecutor to elicit testimony [from the investigating detective] as to the roles played by the individuals overheard in the phone calls . . . and the relationships among them, . . . and the meanings of certain ‘case-specific’ terms that he had discovered in the course of the investigation” (People v Melendez, 138 AD3d 758, 759 [2016]; see People v Inoa, 25 NY3d 466, 474 [2015]), the error was harmless, “as the proof of the defendant’s commission of the charged crimes was overwhelming, and there is ‘no significant probability that, but for the error, the verdict . . . would have been less adverse’ ” (People v Melendez, 138 AD3d at 760, quoting People v Inoa, 25 NY3d at 472).
 

 The County Court also improvidently exercised its discretion in admitting into evidence the wiretap court orders. Although the court orders were relevant, as authorizing the wiretapping that led to a large part of the People’s evidence, and their admission had a tendency to prove the existence of a material fact, i.e., that the wiretapping was authorized (see People v Scarola, 71 NY2d 769, 777 [1988]; People v Alvino, 71 NY2d 233, 242 [1987]; People v Lewis, 69 NY2d 321, 325 [1987]), that same fact could have been established without the prejudice they caused. Nevertheless, here, too, the error was harmless.
 

 The defendant’s remaining contentions are without merit.
 

 Austin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.