People v Rivadeneira (2019 NY Slip Op 05072)





People v Rivadeneira


2019 NY Slip Op 05072


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Renwick, J.P., Manzanet-Daniels, Webber, Oing, JJ.


9701 6029/06

[*1]The People of the State of New York, Respondent,
v
Elmo Rivadeneira, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Allison Haupt of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Lee M. Pollack of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered November 18, 2016, convicting defendant, upon his plea of guilty, of rape in the first degree and attempted rape in the first degree, and sentencing him to an aggregate term of 25 years, unanimously modified, on the law, to the extent of reducing the amounts of the mandatory surcharge to $250 and the crime victim assistance fee to $20, respectively, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal (see People v Bryant, 28 NY3d 1094 [2016]), which forecloses review of his claims that he was denied the right to counsel in connection with his decision whether to testify before the grand jury and that his sentence is excessive.
Regardless of whether defendant validly waived his right to appeal, his right to counsel claim relating to the grand jury proceeding falls within the category of claims requiring preservation (see People v Garay, 25 NY3d 62, 67 [2015], cert denied 577 US &mdash, 136 S Ct 501 [2015]), and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find that it was forfeited by defendant's guilty plea (see People v Hansen, 95 NY2d 227, 231 [2000]), and that it is unreviewable for lack of a sufficient record (see People v McLean, 15 NY3d 117, 119 [2010]; People v Kinchen, 60 NY2d 772, 773-774 [1983]).
Furthermore, regardless of the validity of the appeal waiver, we perceive no basis for reducing the sentence.
However, because defendant committed these crimes before the
effective dates of statutory amendments increasing the mandatory surcharge and crime victim assistance fees, his sentence is unlawful to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK