People v Rose (2019 NY Slip Op 09299)





People v Rose


2019 NY Slip Op 09299


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2016-07078
 (Ind. No. 3560/15)

[*1]The People of the State of New York, respondent,
v
Alberto A. Rose, appellant.


Janet E. Sabel, New York, NY (Harold V. Ferguson, Jr., of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond Guzman, J.), rendered June 24, 2016, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
On May 10, 2015, at approximately 2:00 a.m., after calling 911, the complainant arrived at a New York City Police Department station to report that the defendant had used a liquor bottle to break her car's rear windshield and driver's side window. The complainant identified the defendant by name and gave the police a description of the clothes he was wearing.
Subsequently, four police officers, one in uniform and three in plainclothes with their badges displayed, traveled with the complainant in an unmarked police vehicle to the defendant's home. When they drove past the defendant's home, the complainant identified the defendant, who was standing outside under a street light. The police stopped their vehicle and, upon exiting, they observed the defendant remove a gun from his waistband and place it behind a nearby tree. The defendant was arrested and charged with attempted assault in the second degree, attempted assault in the third degree, criminal possession of a weapon in the fourth degree (two counts), menacing in the second degree, criminal mischief in the fourth degree (two counts), criminal possession of a weapon in the second degree (two counts), criminal possession of a firearm, and criminal possession of a weapon in the third degree.
In an order dated September 1, 2015, the Supreme Court denied the defendant's motion to dismiss the indictment pursuant to CPL 190.50 on the ground that he was deprived of his right to testify before the grand jury. Thereafter, in an order dated April 11, 2016, the court denied, without a hearing, that branch of the defendant's omnibus motion which was to suppress the gun on [*2]the basis that the defendant failed to assert a possessory interest in the gun or allege a factual scenario which, if uncontradicted, would require suppression of the gun or entitle him to a hearing. After a jury trial, the defendant was convicted of criminal possession of a weapon in the second degree.
The defendant's contention that the Supreme Court improperly denied his motion to dismiss the indictment on the ground that he was not given notice of his scheduled time to testify before the grand jury is without merit. In opposition to the defendant's motion, the People demonstrated that the defendant was provided with notice, via telephone and email to his counsel, of the grand jury proceeding and the date and time during which he was scheduled to testify (see CPL 190.50[5][a]; People v Williams, 139 AD3d 766, 766; People v Quinones, 280 AD2d 559, 560).
We agree with the Supreme Court's determination to deny, without a hearing, that branch of the defendant's omnibus motion which was to suppress the gun. In his motion papers, the defendant argued that the gun should be suppressed as the product of an unlawful arrest because the arresting officers approached the defendant without first observing him commit a crime or without probable cause to believe that he had committed one. A court may deny a motion to suppress evidence without conducting a hearing if the "defendant does not allege a proper legal basis for suppression, or (with two exceptions) if the sworn allegations of fact do not as a matter of law support the ground alleged'" (People v Mendoza, 82 NY2d 415, 421, quoting CPL 710.60[3][b]). "[T]he sufficiency of defendant's factual allegations should be . . . (1) [evaluated by] the face of the pleadings, (2) assessed in conjunction with the context of the motion, and (3) [evaluated by] defendant's access [of] information" (People v Mendoza, 82 NY2d at 426; see People v Garay, 25 NY3d 62, 72; People v Guzman, 153 AD3d 1273, 1276).
The defendant's unsworn allegations, when considered in the context of the information provided by the People, failed to raise a factual dispute requiring a hearing (see People v Holloway, 45 AD3d 477, 477). The defendant's motion papers did not contain sworn allegations of fact. Moreover, the information provided to the defendant, which included the grand jury testimony, demonstrated that the police approached the defendant based on the statements provided to them by the complainant. Consequently, the approach by the police was lawful and the defendant's claim of innocent conduct at the time of their approach was insufficient to warrant entitlement to a hearing (see People v Garay, 25 NY3d at 72; People v France, 12 NY3d 790, 791; People v Guzman, 153 AD3d at 1276).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court