OPINION OF THE COURT
Chief Judge Cooke.
When a criminal suspect is subjected to custodial interrogation by police without being apprised of his right against self incrimination, any pertinent communication, whether made by statement or conduct, in response to the interrogation, is inadmissible at trial. Although here defendant’s communicative act should have been excluded, when viewed in light of the quantum and nature of the *455 other, properly adduced, evidence, the error was harmless. Therefore, defendant’s conviction should stand.
On October 3,1974, police were summoned to a Manhattan apartment by neighbors who had heard a commotion and two gunshots, followed by a man’s cry for help. The victim, bleeding from a mortal chest wound, was able to admit police to his apartment. Defendant was discovered in the apartment, but no weapon was found when he was frisked. Without being advised of his Miranda rights, defendant made inculpatory oral statements in response to police interrogation. At one point, defendant was questioned about the location of the weapon. In response, defendant silently led the police to the bedroom, and began to climb over the bed towards the window. Before he could reach the window, the officers grabbed and handcuffed him. A gun was found on the windowsill, behind the drapes.
Defendant successfully moved before trial to suppress the oral admissions he made while in custody and before being informed of his constitutional rights. The motion made no reference to the events in the bedroom. At trial, however, the court declined to suppress testimony that police had generally engaged defendant in conversation and that defendant had led police to the bedroom where the weapon was found.
At the close of the trial three counts were submitted to the jury: common-law murder, felony murder with burglary as the underlying felony, and criminal possession of a weapon in the second degree. The jury deadlocked on the common-law murder count, acquitted defendant of felony murder, and convicted him of the weapons count.
Defendant argues that admitting testimony about the bedroom incident, over objection, was error warranting reversal and a new trial. It is not disputed that immediately before he led police to the bedroom, defendant was subjected to custodial interrogation in the absence of warnings prescribed by Miranda v Arizona (384 US 436), and that his conduct was in response to this interrogation. The protections afforded a criminal suspect’s right to remain silent are of no less force when the suspect has been *456 wrongly induced to communicate through conduct than when he has made an oral statement (see Schmerber v California, 384 US 757, 761, n 5, 763-764). Inasmuch as defendant’s conduct was clearly communicative, and was instigated in violation of the strictures of Miranda, the trial court erred.
The error, nevertheless, does not require that defendant’s conviction be reversed. Constitutional error will be deemed harmless when “there is no reasonable possibility that the error might have contributed to defendant’s conviction and that it was thus harmless beyond a reasonable doubt” (People v Crimmins, 36 NY2d 230, 237; see Chapman v California, 386 US 18; People v Schaeffer, 56 NY2d 448; People v Sanders, 56 NY2d 51).
Defendant was convicted of possessing a “loaded firearm with intent to use the same unlawfully against another” (Penal Law, § 265.03). Defendant conceded that the gun itself was properly admitted, as was the fact that it was found in the bedroom. The record at trial indicates that defendant and an accomplice planned to rob the man ultimately shot. The accomplice testified that the gun found by police had been shown to him by defendant earlier on the day of the shooting and that it then had contained a clip with two bullets, one with a hollow head. This testimony was corroborated by other evidence, including the determination that the fatal bullet had a hollow head. When they first entered the apartment, the police found defendant exiting the bedroom where the gun was later found. Moreover, other than the victim, defendant was alone in the apartment, which had no means of egress other than the front door.
Admitting evidence of the bedroom incident was erroneous, but its prejudicial effect was mitigated. The court precluded any testimony that defendant’s conduct was a direct response to a police inquiry as to the location of the gun. Thus, the only improperly admitted evidence that was probative of defendant’s guilt of the weapons count was that defendant, accompanied by the police, went into the room where the weapon was found. This evidence, in light of the overwhelming evidence linking defendant to the gun, doubtless did not contribute to defendant’s conviction.
*457 Accordingly, the order of the Appellate Division should be affirmed.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.