■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME ALLEN, Appellant. — Judgment affirmed. Memorandum: There is clear and convincing evidence of an independent basis for the victim's in-court identification of the defendant (*People v Ballot*, 20 NY2d 600) and that it was not the result of the suggestive showup (*Gilbert v California*, 388 US 263, 272). In view of the strength of the identification testimony and the overwhelming evidence of guilt, there is no reasonable possibility that the erroneous admission of testimony regarding the showup contributed to defendant's conviction (*People v Crimmins*, 36 NY2d 230, 237). All concur, except Hancock, Jr., J. P., and Doerr, J., who dissent and vote to reverse and grant a new trial, in the following memorandum.

Hancock, Jr., J. P., and Doerr, J. (dissenting). We conclude that the instant conviction should be reversed and a new trial granted because the showup was impermissibly suggestive. Although the showups are not the preferred means of identification, they are "tolerable in the interest of prompt identification" (*People v Love*, 57 NY2d 1023, 1024). The instant showup did not occur at the scene of the crime nor soon after the event (*People v Adams*, 53 NY2d 241, 249). Rather, it was held the day after the incident and took place at an abandoned gas station where the victim had been driven, along with her mother, by a police officer who asked the victim if she could identify "the boy who had molested her." We have previously condemned as suggestive a one-on-one viewing of defendant in a police vehicle (*People v Thomas*, 72 AD2d 910, 912). In view of the remoteness in time and space between the incident and the showup as well as the surrounding circumstances, we conclude that the pretrial identification procedures were impermissibly suggestive and that the pretrial identification should, therefore, not have been admitted into evidence (see *People v Adams*, 53 NY2d 241, 251-252). Nor can we view testimony pertaining to the impermissible showup as harmless error. The central issue at trial was identification, and the victim was the only person who could identify defendant. The showup was not described merely by the victim. Three other witnesses, including the victim's mother and the two police officers who were on the scene, were questioned extensively about the showup, thereby creating the danger that repetition by third parties will improperly influence the jury's belief in the reliability of the identification (*People v Bolden*, 58 NY2d 741, 743, Gabrielli, J., concurring). Moreover, one of the officers, as well as the victim's mother, was permitted to bolster the victim's identification. In view of the extensive testimony adduced concerning the showup coupled with the two instances of bolstering, we cannot conclude "that there is no reasonable possibility that the error might have contributed to defendant's conviction and that it was thus harmless beyond a reasonable doubt" (*People v Crimmins*, 36 NY2d 230, 237; see, also, *People v Rivera*, 57 NY2d 453, 456; *People v Sanders*, 56 NY2d 51, 66). (Appeal from judgment of Niagara County Court, Di Florio, J. — juvenile offender.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.