■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DAVIS, Appellant. — Judgment unanimously affirmed. Memorandum: On appeal from his conviction for murder, second degree, after being tried jointly with his brother, Victor Davis (who did not testify), defendant urges that the court erred in denying his motion for a severance and admitting a statement given by Victor to the police which implicated defendant. "[W]hen introduction in evidence of the extrajudicial confession of a codefendant not testifying and not subject to cross-examination adds substantial weight to the prosecution's case against [a] defendant, that defendant is denied his constitutional right to confrontation" (*People v Safian,* 46 NY2d 181, 187, cert den *sub nom. Miner v New York,* 443 US 912, citing *Bruton v United States,* 391 US 123, 127-128). We reject the People's claim that the statement is so similar to one given by defendant to the police and admitted against him as "to make the probability of prejudice so 'negligible' that in the end 'the result would need to be the same' " (*People v Berzups,* 49 NY2d 417, 425, quoting *People v Safian, supra,* pp 188, 194; see *People v Smalls,* 55 NY2d 407; cf. *People v Ridgeway,* 101 AD2d 555). However, in view of the overwhelming evidence against defendant, including the testimony of an eyewitness and defendant's own admissions, we conclude that "there is no reasonable possibility that the error might have contributed to defendant's conviction and that it was thus harmless beyond a reasonable doubt" (*People v Crimmins,* 36 NY2d 230, 237; see *People v Rivera,* 57 NY2d 453). We have considered the other arguments raised on appeal and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Reed, J. — murder, second degree.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.