THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID E. HUYLER, Appellant.

After defendant requested an attorney, he was removed to an investigator's room. The investigator again advised him of his *Miranda* rights and the defendant stated, "I'm sorry I raped the woman" and shed a tear. The court below suppressed the state-

ment, "I'm sorry I raped the woman" because defendant had invoked his right to counsel, but refused to suppress testimony about the tear.

The testimony about the tear that accompanied the suppressed statement should have also been excluded. "[O]nce a suspect in custody requests the assistance of counsel, he may not be questioned further in the absence of an attorney" (*People v Cunningham,* 49 NY2d 203, 205). Only if a statement was "made without apparent external cause, i.e, self-generating" will it be admissible (*People v Stoesser,* 53 NY2d 648, 650). Protections afforded a criminal suspect's rights "are of no less force when the suspect has been wrongly induced to communicate through conduct than when he has made an oral statement" (*People v Rivera,* 57 NY2d 453, 455-456; *see, Schmerber v California,* 384 US 757, 760-765, 761, n 5). The tear was a physiological response which was inextricably bound up with the oral statement and both were products of the continued interrogational environment. Indeed, the prosecutor used the tear testimony to communicate precisely the same incriminating meaning as the excluded oral statement.

Finally it cannot be said that the error was harmless. The only contested issue at trial was whether the defendant lacked criminal responsibility by reason of mental disease or defect (*see,* Penal Law former § 30.05; § 25.00). The evidence of sanity was far from overwhelming. The prosecutor's psychiatrist testified that the investigator's observation of the tear was one of the factors entering into his medical opinion that defendant appreciated the nature and wrongfulness of his act. The prosecutor also referred to the tear in summation. Under these circumstances, there was a "reasonable possibility that the error might have contributed to defendant's conviction" (*People v Crimmins,* 36 NY2d 230, 237). The defendant's conviction must be reversed and a new trial granted.

We have examined defendant's other claims of error and have found them to be without merit. (Appeal from judgment of Steuben County Court, Purple, J. — rape, first degree.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.