■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND DE WISPELAERE, JR., Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of burglary in

the first degree, robbery in the first degree, two counts of grand larceny in the third degree and unauthorized use of a motor vehicle. Defendant's conviction arises out of an incident when three men forcibly entered the mobile home of a 79-year-old man, robbed him of his gun collection and cash and thereafter stole his automobile. At trial, the victim testified as to what occurred during the burglary/robbery, but was unable to identify the defendant. One of defendant's accomplices, however, who had earlier pleaded guilty to reduced charges in connection with this incident, testified as to his and defendant's involvement in these crimes. The People also introduced testimony from the girlfriend of a second accomplice who related, without any objection, admissions made by him that he, defendant and another had robbed an old man. Defendant contends that the admission of such testimony consisting of the extrajudicial statements of a nontestifying codefendant violated defendant's 6th Amendment right to confront his accusers (see, Bruton v United States, 391 US 123) and warrants a reversal even in the absence of any defense objection. Although admission of this hearsay testimony constituted a violation of the Bruton rule, no reversal is required on this record. Not only did counsel fail to object to such testimony, but in view of the overwhelming evidence against defendant, including the trial testimony of a second codefendant which was corroborated by other witnesses, we conclude that "there is no reasonable possibility that the error might have contributed to defendant's conviction and that it was thus harmless beyond a reasonable doubt" (People v Crimmins, 36 NY2d 230, 237; People v Davis, 105 AD2d 1148; see also, People v Rivera, 57 NY2d 453).

We have reviewed the other claims of error and find them to be without merit. (Appeal from judgment of Wayne County Court, Stiles, J.—burglary, first degree, and other offenses.) Present—Callahan, J. P., Denman, Boomer, Green and Pine, JJ.