People v Porter (2020 NY Slip Op 08122)





People v Porter


2020 NY Slip Op 08122


Decided on December 30, 2020


Appellate Division, Second Department


Chambers, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2015-10095
 (Ind. No. 10151/14)

[*1]The People of the State of New York, respondent,
v
Denise Porter, appellant. 

Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, and Rachel N. Houle of counsel), for respondent.


APPEAL by the defendant from a judgment of the Supreme Court (Evelyn Braun, J.), rendered September 24, 2015, in Queens County, convicting her of criminal possession of a controlled substance in the fourth degree, criminal possession of a weapon in the fourth degree, criminal possession of marijuana in the third degree, criminal possession of a controlled substance in the seventh degree (two counts), and unlawful possession of marijuana, upon a nonjury trial, and imposing sentence.






CHAMBERS, J.

On January 31, 2014, police officers executed a no-knock search warrant at the defendant's apartment and discovered a locked safe. The defendant was convicted of criminally possessing drugs and firearms based largely on the testimony of Detective Patrick Theodore that the defendant knew the combination of the locked safe from which the contraband was seized. The dispositive issue presented by this appeal is whether the People were required to notify the defendant, within 15 days of her arraignment, of their intention to offer at trial the testimony of Detective Theodore that the defendant's physical act of unlocking the safe was in response to a request from police that the safe "needed to be opened" (see CPL 710.30). For the reasons that follow, we conclude that the People were required to serve notice pursuant to CPL 710.30(1)(a).
The Relevant Facts
At the defendant's nonjury trial, Detective Patrick Theodore testified that on January 31, 2014, at approximately 6:00 a.m., the police executed a search warrant at an apartment where the defendant resided in Queens. Upon opening the door to the apartment, Detective Theodore and his team were met by a dog, which blocked their path. After one of the officers shot and killed the dog, the police entered the apartment and Detective Theodore observed the defendant and [*2]three others inside. They were all placed in handcuffs and taken into the living room. The police then proceeded to search the apartment. In the bedroom closet, the officers discovered a locked safe. The defendant, still in handcuffs, was brought into the bedroom, and Detective Theodore told her that the police had a search warrant and that the safe "needed to be opened" or the police would forcibly open it. At that point, defense counsel promptly moved to preclude any testimony concerning what the defendant said or did in response to Detective Theodore's request, in light of the People's failure to provide the defendant with prior notice pursuant to CPL 710.30. The court overruled the defendant's objection, adding that it would be willing to revisit its ruling if the parties were to present it with relevant case law. Defense counsel sought no further relief from the court. The court permitted Detective Theodore to testify that the defendant typed in the combination and opened the safe, which was found to contain drugs and firearms. The defendant was convicted of various offenses relating to the possession of the items found inside the safe.
The Applicable Law
CPL 710.30(1)(a) requires that, within 15 days of arraignment, the prosecution must serve upon a defendant notice of its intention to offer at trial "evidence of a statement made by the defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to [CPL 710.20(3)]" (see also CPL 60.45). The purpose of the notice requirement is to give a defendant an opportunity, prior to trial, to investigate the circumstances of the evidence procured by the state and prepare the defense accordingly, as well as to permit an orderly pretrial resolution of the admissibility of such evidence, thereby preventing the subsequent interruption of trial (see People v Pacquette, 25 NY3d 575, 579; People v Briggs, 38 NY2d 319, 322-323). "In the absence of a timely notice or a late notice as permitted by the court, the evidence may not be received against the defendant at trial" (People v O'Doherty, 70 NY2d 479, 483).
Here, the Supreme Court erred in determining that the defendant's act of typing in the combination to the safe, which was made in direct response to Detective Theodore's request that the safe "needed to be opened," did not amount to a statement made to a law enforcement officer which, "if involuntarily made would render the evidence thereof suppressible upon motion pursuant to [CPL 710.20(3)]" (CPL 710.30[1]).
It is well settled that "any pertinent communication, whether made by statement or conduct," may be suppressed if made in violation of the defendant's right against self-incrimination (People v Rivera, 57 NY2d 453, 454; see Schmerber v California, 384 US 757, 761 n 5; People v Havrish, 8 NY3d 389). Our view is that the defendant physically entering the combination to open the safe, rather than verbally communicating that combination to the police (see People v Blacks, 153 AD3d 720, 722), does not make her response any less communicative or testimonial in nature, since the act unquestionably expressed the contents of the defendant's mind (see People v Havrish, 8 NY3d at 395). To the extent our decision in People v Morales (248 AD2d 731) suggests a different conclusion, it should no longer be followed.
Moreover, since the defendant's knowledge of the safe's combination was the only evidence establishing her dominion and control over its contents, the act of unlocking the safe was undoubtedly incriminating (see People v Havrish, 8 NY3d at 395-396). In addition, the fact that the defendant was still in handcuffs and had not yet been advised of her Miranda rights when Detective Theodore made his request raises questions as to whether her act of unlocking the safe was voluntary (see Miranda v Arizona, 384 US 436; People v Blacks, 153 AD3d at 722). Thus, this is not a situation where the requirement of a CPL 710.30 notice was obviated because there was no question of the voluntariness of the challenged statement (compare People v Chase, 85 NY2d 493, 500, with People v Morris, 43 AD2d 599, 600).
Because the trial court erred in determining that the challenged evidence was not subject to notice pursuant to CPL 710.30, the judgment must be reversed and a new trial ordered.
Remedy Upon Retrial
Finally, having established that the defendant was entitled to notice pursuant to CPL 710.30(1)(a), a further question arises as to whether preclusion of the defendant's communicative act of unlocking the safe is mandated upon retrial.
In approaching this question, we are mindful that not all violations of CPL 710.30 result in preclusion of evidence. Indeed, "CPL 710.30(2) provides for the possibility of late notice, and a belated suppression hearing, when the People show 'good cause.' The belated notice and hearing may occur during the trial" (People v Vasquez, 20 NY3d 461, 467).
In view of these principles, and the necessity of a new trial, we see no compelling reason to grant the defendant's request for a directive, upon remittal, that the People be precluded, upon retrial, from presenting any evidence of the defendant's unnoticed testimony and communicative acts. Rather, it seems to us that the People may, if they be so advised, seek leave to give late notice upon a showing of good cause, and, in the event such relief is granted, the defendant must also be afforded an opportunity to make an appropriate suppression motion (see CPL 710.30[2]).
In light of our determination, we need not reach the defendant's remaining contention.
RIVERA, J.P., COHEN and HINDS-RADIX, JJ., concur.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
ENTER: Aprilanne Agostino Clerk of the Court