| People v Johnson |
|:---:|
| 2022 NY Slip Op 34816(U) |
| July 29, 2022 |
| County Court, Westchester County |
| Docket Number: Indictment No. 70886-22 |
| Judge: Robert J. Prisco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
--------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

-against-                                                              DECISION & ORDER

FABIAN JOHNSON,

                                                                      Indictment No: 70886-22

                                    Defendant.
--------------------------------------------------------------------X

ROBERT J. PRISCO, J.

Defendant **FABIAN JOHNSON** is charged by Indictment Number 70886-22 with two counts of Burglary in the First Degree pursuant to Penal Law [PL] § 140.30 (04) and 140.30 (01) [Counts One and Two, respectively], two counts of Robbery in the First Degree pursuant to PL § 160.15 (04) and (02) [Counts Three and Four, respectively], and one count of Robbery in the Second Degree pursuant to PL § 160.10 (01) [Count Five]. The charges pertain to Defendant's alleged burglary of a dwelling located at 201 South 6th Avenue in the City of Mount Vernon and the robbery of a resident therein while aiding, abetting and acting in concert with Yorddy Nunez. In the course of the alleged burglary and robbery, Defendant and Co-Defendant Nunez are alleged to have displayed firearms, with Co-Defendant Nunez' firearm being a loaded and operable .45 caliber Remington pistol. The above offenses are alleged to have occurred at approximately 1:44 a.m. on July 7, 2021.

On April 25, 2022, Defendant was arraigned by the Honorable George E. Fufidio on the charges contained in Indictment Number 70886-22, he entered a plea of not guilty to said charges, and an omnibus motion schedule was set. Attached to the indictment is a CPL § 710.30 (1) (b) Notice signifying the People's intent to offer testimony of an observation of the defendant from a photographic array at approximately 5:15 p.m., on July 7, 2021, in the vicinity of 17 South 2nd Avenue in the City of Mount Vernon, a CPL § 710.30 (1) (a) Notice pertaining to the Grand Jury testimony of the defendant given at approximately 1:00 p.m., on April 14, 2021, and the People's Demand for a Notice of Alibi pursuant to CPL § 250.20. Also attached to the indictment is a Certificate of Compliance pursuant to CPL § 245.50 (1) which includes a "Statement of Readiness," wherein "[t]he People confirm and announce their readiness for trial on all counts charged." Attached to the Certificate of Compliance is a copy of the People's Discovery

1

Disclosure Index pursuant to CPL §§ 245.20 and 245.50, which includes but is not limited to, disclosures pertaining to exculpatory and impeachment information, tangible objects possessed by Defendant or Co-Defendant, search warrant related documents, and Judgments of Conviction for defendants and witnesses excluding law enforcement and expert witnesses. Also attached to the Certificate of Compliance are Discovery Package Transmittal Notices from the Westchester County District Attorney's Office regarding the date, time and method of disclosure pursuant to CPL Article 245.

On May 2, 2022, this Court received Defendant's Notice of Omnibus Motion and an Omnibus Motion Affirmation, seeking various forms of judicial intervention and relief.

On May 5, 2022, this Court received Defendant's Notice of Motion to Dismiss on Speedy Trial Grounds (hereinafter "Speedy Trial Notice of Motion") and his Affirmation in Support of Motion to Dismiss on Speedy Trial Grounds (hereinafter "Speedy Trial Affirmation") pursuant to CPL § 170.30 (1) (e), seeking dismissal of the indictment on the ground that his right to a speedy trial pursuant to the Sixth and Fourteenth Amendments of the United States Constitution, Article 1, Section 6, of the New York State Constitution, CPL § 30.20 (1) and (2), and CPL § 30.30 (1) (b), has been violated.

On June 28, 2022, this Court received the People's Affirmation in Opposition and Memorandum of Law in response to Defendant's motion for omnibus relief and dismissal of Indictment Number 70886-22 on speedy trial grounds. Attached thereto were copies of seven (7) certified transcripts from the Mount Vernon City Court,[1] a copy of an "Affidavit in Support of Search Warrant," and a copy of the "Search Warrant Order."

The Court is also in receipt of an unredacted certified copy of the stenographic transcript of the April 14, 2022 Grand Jury proceeding, along with a DataStick Pro containing copies of the Grand Jury Exhibits.

After consideration of the above referenced submissions and the unredacted certified stenographic transcript of the April 14, 2022 Grand Jury proceeding, the Court decides Defendant's Motion as follows:

---

[1] The transcripts are dated July 21, July 28, September 14, October 19, November 16, 2021, February 24, and March 31, 2022.

2

**1. MOTION FOR RELEASE OF THE GRAND JURY MINUTES TO DEFENDANT, INSPECTION THEREOF, AND DISMISSAL OR REDUCTION OF THE CHARGES CONTAINED IN INDICTMENT NUMBER 70866-22 DUE TO THE LEGAL INSUFFICIENCY OF THE EVIDENCE PRESENTED, THE INSTRUCTIONS PROVIDED, AND DEFECTIVE PRESENTATION.**

Citing various provisions of CPL Article 210, the Sixth and Fourteenth Amendments of the United States Constitution, and Article 1, Section 6, of the New York State Constitution, Defendant requests "that the Court examine the stenographic minutes of the Grand Jury proceedings which resulted in this indictment and provide counsel for the defendant with a copy of same to determine whether the evidence before the Grand Jury was legally sufficient to establish the commission by the defendant of the offenses charged. [I]n the alternative, [Defendant seeks] dismiss[al of] the indictment for defective Grand Jury presentation, or reducing any counts in the indictment to the appropriate lesser included offenses" (*see* Point 1, Page 1, of Defendant's Notice of Omnibus Motion).

In their response, the People consent to an in-camera inspection of the Grand Jury minutes by the Court, contend that the indictment is supported by legally sufficient evidence, and assert that "Defendant has failed to meet his high burden of showing the existence of any error in the grand jury proceeding which rendered it defective" (*see* Point A, Pages 1-4, of the People's Memorandum of Law).

Initially, regarding Defendant's request for disclosure of the legal instructions to the defense, this Court notes that CPL § 245.20 (1) (b) provides for automatic discovery of "[a]ll transcripts of the *testimony* of a person who has testified before a grand jury" (emphasis added). Similarly, CPL § 210.30 (3), which addresses motions to inspect grand jury minutes and is specifically cited by the defendant in support of this request, speaks only to the release of "grand jury *testimony* (emphasis added)." Accordingly, as there exists no statutory authority for the release to Defendant of those portions of the Grand Jury minutes that constitute colloquy or instructions, and as the People have complied with the discovery mandate of CPL § 245.20 (1) (b) by providing Defendant with the transcript of the testimony of the five (5) witnesses who testified before the Grand Jury, including that of the defendant, his request for the Grand Jury minutes in their entirety is denied.

The Court has conducted an in-camera review of the entirety of the Grand Jury

3

[* 3]

proceedings, having examined an unredacted certified copy of the stenographic transcript of the April 14, 2022 presentation.

On April 14, 2022, prior to the commencement of the given sworn testimony, the People specifically inquired of and confirmed with the foreperson that twenty-two (22) grand jurors were present. Prior to instructing the grand jurors on the applicable law, the People again inquired of and confirmed with the foreperson that twenty-two (22) grand jurors were present throughout the presentation of the case. Finally, before the grand jurors announced their decision regarding the charges submitted for their consideration, the People set forth on the record that there were twenty-two (22) grand jurors present for the vote. These measures by the People satisfy this Court that the twenty-two (22) grand jurors who deliberated and voted on the charges contained in Indictment Number 70886-22 were present throughout the one-day presentation of the case.

"Courts assessing the sufficiency of the evidence before a grand jury must evaluate 'whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted – and deferring all questions as to the weight or quality of the evidence – would warrant conviction'" (*People v Mills*, 1 NY3d 269, 274-275 [2003], quoting *People v Carroll*, 93 NY2d 564, 568 [1999]; *see People v Bello*, 92 NY2d 523, 525 [1998]; *People v Jensen*, 86 NY2d 248, 251 [1995]; *People v Jennings*, 69 NY2d 103, 114 [1986]; *People v Booker*, 164 AD3d 819, 820 [2d Dept 2018]; *People v Hulsen*, 150 AD3d 1261, 1262 [2d Dept 2017], *lv. denied* 30 NY3d 950 [2017]; *People v Flowers*, 138 AD3d 1138, 1139 [2d Dept 2016]). Legally sufficient evidence is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL § 70.10 (1); *see People v Mills*, 1 NY3d at 274; *People v Franov*, 146 AD3d 978, 979 [2d Dept 2017]; *People v Wisey*, 133 AD3d 799, 800 [2d Dept 2015]; *People v Ryan* 125 AD3d 695, 696 [2d Dept 2015], *lv. denied* 25 NY3d 1077 [2015]). "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Jessup*, 90 AD3d 782, 783 [2d Dept 2011], quoting *People v Bello*, 92 NY2d at 526; *see People v Ryan*, 125 AD3d at 696; *People v Woodson*, 105 AD3d 782, 783 [2d Dept 2013]). This Court's inquiry is "limited to 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,' and whether 'the Grand Jury could rationally have drawn the guilty inference'" (*People v Bello*, 92 NY2d at 526, quoting *People v Deegan*, 69 NY2d 976, 979 [1987]; *see People v Pino*, 162 AD3d 910, 911 [2d Dept 2018]).

4

Here, the evidence presented to the Grand Jury, when viewed in the light most favorable to the People, was legally sufficient to establish and support the charges contained in Indictment Number 70886-22.

A Grand Jury proceeding is "defective," warranting dismissal of the indictment, only where the "proceeding . . . fails to conform to the requirements of CPL Article 190 to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL § 210.35 (5); *see People v Arevalo*, 172 AD3d 891, 892 [2d Dept 2019]; *People v Williams*, 171 AD3d 804, 805 [2d Dept 2019]). Dismissal of an indictment under CPL § 210.35 (5) is an "exceptional remedy" that "should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (*People v Huston*, 88 NY2d 400, 409 [1996]; *see People v Williams,* 171 AD3d at 805; *People v Burch,* 108 AD3d 679, 680 [2d Dept 2013], *lv. denied* 22 NY3d 1087 [2014]; *People v Thompson*, 81 AD3d 670, 671 [2d Dept 2011], *aff'd* 22 NY3d 687 [2014]). Here, the Court finds that no such wrongdoing, conduct or errors occurred and Defendant's argument that the People failed to present evidence to the Grand Jury of a "single photographic misidentification and false identification...by the main complainant" (*see* Page 6, Paragraph 12 (m), of Defendant's Omnibus Motion Affirmation) does not necessitate dismissal of the indictment as "the People maintain broad discretion in presenting their case to the grand jury and need not...present all of their evidence tending to exculpate the accused" (*People v Mitchell*, 82 NY2d 509, 515 [1993], citing *People v. Lancaster*, 69 NY2d 20, 25–26 [1986], *cert denied* 480 US 922 [1987]; *see People v Moses*, 197 AD3d 951, 952-953 [4th Dept 2021], *lv. denied* 37 NY3d 1097 [2021]; *People v Morel*, 131 AD3d 855, 859-860 [1st Dept 2015], lv. denied 26 NY3d 1147 [2016]; *People v Goldston*, 126 AD3d 1175, 1177 [3d Dept 2015], *lv. denied* 25 NY3d 1201 [2015]; *People v Pickens*, 60 AD3d 699, 703 [2d Dept 2009], *lv. denied* 12 NY3d 928 [2009]).

Further, while a prosecutor is required to instruct the grand jury on the law with respect to matters before it (*People v Valles*, 62 NY2d 36, 38 [1984]; *People v Tunit*, 149 AD3d 1110, 1110 [2d Dept 2017]; *People v Samuels*, 12 AD3d 695, 698 [2d Dept 2004]; *see* CPL § 190.25 (6)), "a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" (*People v Calbud, Inc.,* 49 NY2d 389, 394 [1980]; *see People v Caracciola*, 78 NY2d 1021, 1022 [1991]; *People v Batashure*, 75 NY2d 306, 311 [1990]; *People v Goetz*, 68 NY2d 96, 115 [1986]; *People v Valles* 62 NY2d 36, 38 [1984]; *People v Tunit*, 149

5

AD3d at 1110; *People v Castaldo*, 146 AD3d 797, 798 [2d Dept 2017]; *People v Burch*, 108 AD3d at 680; *People v Malan-Pomaeyna*, 72 AD3d 988 [2d Dept 2010]). It is well settled that such instructions are sufficient so long as they provide "enough information to enable [the grand jury] intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.*, 49 NY2d at 394-395; *see People v Valles* 62 NY2d at 38; *People v Tunit*, 149 AD3d at 1110-1111; *People v Patterson*, 73 AD3d 1215, 1215 [2d Dept 2010], *lv. denied* 15 NY3d 776 [2010]; *People v Malan-Pomaeyna*, 72 AD3d at 988).

After an in-camera review of the unredacted certified copy of the stenographic transcript of the Grand Jury presentation on April 14, 2022, this Court determines that the Grand Jury proceeding was not defective and that the instructions given during the presentation were legally sufficient and proper.

Accordingly, for the reasons set forth above, Defendant's motion to dismiss or reduce the charges contained within Indictment Number 70886-22 is denied.

## 2. MOTION FOR SUPPRESSION/PRECLUSION OF IDENTIFICATION EVIDENCE.

Defendant "requests that all identification evidence in this case be suppressed or, in the alternative, that the Court hold a bifurcated *Wade/Rodriguez* hearing" (*see* Page 10, Paragraph 17, of Defendant's Omnibus Motion Affirmation). Specifically, Defendant contends that "the main complaining witness [made a] single photographic misidentification and false identification" on the same date that the CPL § 710.30 (1) (b) Notice indicates that he positively identified the defendant, thus raising "serious concerns and doubts as to the veracity,…suggestibility, reliability and legality" of the identification procedure (*see* Pages 8-10, Paragraphs 14-16, of Defendant's Omnibus Motion Affirmation).[2]

In their response, the People aver that "Defendant's motion to suppress identification evidence should be denied following a hearing pursuant to *United States v Wade*, 388 US 218

---

[2] While Defendant cites the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 6 and 12, of the New York State Constitution in his Notice of Omnibus Motion (*see* Page 2, Paragraph 2), those provisions are not addressed in Defendant's Omnibus Motion Affirmation in support of his motion to suppress/preclude identification evidence, and, accordingly, are not considered by the Court in connection with this application.

[* 6]

[1967] and CPL [§] 710.60 (4) [as] the People will meet their initial burden of proving both the reasonableness of the police conduct and the lack of any undue suggestiveness in any pretrial identification procedure" (*see* Point D, Page 13, of the People's Memorandum of Law). The People further contend that "while there was no undue suggestiveness in the procedure employed here, the People can establish that an in-court identification of defendant should be permitted because the witness has a source from which to identify defendant that is independent of the police procedure" (*see* Point D, Page 14, of the People's Memorandum of Law).

Based upon the issues raised by the parties, Defendant's motion to suppress/preclude identification evidence is granted to the extent that a bifurcated *Wade* hearing will be conducted to determine the admissibility of identification testimony from a witness who is alleged to have previously identified Defendant under the circumstances set forth in the CPL § 710.30 (1) (b) Notice. If the Court determines that the identification of the defendant from the photographic array was unduly suggestive, the People will then have to establish by clear and convincing evidence that any in-court identification is based upon the witness' independent observation of the defendant (*see People v Goondall*, 173 AD3d 896, 898 [2d Dept 2019], citing *People v Radcliffe*, 273 AD2d 483, 484 [2d Dept 2000]; *see People v Adelman*, 36 AD3d 926, 927 [2d Dept 2007], *lv. denied* 9 NY3d 872 [2007]; *People v Ashe*, 297 AD2d 287 [2d Dept 2002], *lv. denied* 99 NY2d 555 [2002]; *People v Brown*, 293 AD2d 686 [2d Dept 2002], *lv. denied* 98 NY2d 695 [2002]; *People v Hyatt*, 162 AD2d 713, 714 [2d Dept 1990], *lv. denied* 76 NY2d 987 [1990]).

## 3. MOTION TO SUPPRESS PHYSICAL EVIDENCE.

Pursuant to CPL § 710.20 (1), Defendant moves to suppress the physical evidence seized from his possession, or from any location, property or place where he had an expectation of privacy, and any related observations by law enforcement regarding such physical evidence. It is Defendant's contention that suppression is mandated due to a violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution, and Article 1, Section 12, of the New York State Constitution (*see* Pages 10-11, Paragraphs 18-20, of Defendant's Omnibus Motion Affirmation). In the alternative, Defendant seeks hearings pursuant to *Mapp v Ohio*, 367 US 643 [1961], and *Dunaway v New York*, 442 US 200 [1979], "to make findings of fact and conclusions of law" (*see* Page 12, Paragraph 21, of Defendant's Omnibus Motion Affirmation).

7

The People assert that, "[s]hould the Court find [the] defendant's Fourth Amendment claims sufficiently pled and reach the merits of [the] defendant's claim, they will meet their burden of going forward with evidence to show that the police lawfully obtained this physical evidence" (*see* Point E, Page 16, of the People's Memorandum of Law).

CPL § 710.60 (1) requires that a motion for suppression of physical evidence must state "the ground or grounds of the motion and must contain sworn allegations of fact" *(see also People v Ibarguen,* 37 NY3d 1107, 1108 [2021]; *People v Duval,* 36 NY3d 384, 391 [2021]; *People v Garay,* 25 NY3d 62, 71 [2015]; *People v Bryant,* 8 NY3d 530, 533 [2007]; *People v Guzman,* 153 AD3d 1273, 1276 [2d Dept 2017]; *People v White,* 137 AD3d 1311, 1312 [2d Dept 2016]). "Because hearings on suppression motions 'are not automatic or generally available for the asking by boilerplate allegations" *(People v Burton,* 6 NY3d 584, 587 [2006], quoting *People v Mendoza,* 82 NY2d 415, 422 [1993]; *see People v Esperanza,* 203 AD3d 124, 128 [1st Dept 2022]; *People v Blanford,* 179 AD3d 1388, 1390 [3d Dept 2020], *lv. denied* 35 NY3d 968 [2020]; *People v Guzman,* 153 AD3d at 1276; *People v Dash,* 50 AD3d 914 [2d Dept 2008], *lv. denied* 10 NY3d 933 [2008]), CPL § 710.60 (3) permits summary denial of such a motion where the motion papers fail to allege a ground constituting a legal basis for the motion or where the sworn allegations of fact fail, as a matter of law, to support the ground alleged *(see People v Mendoza,* 82 NY2d at 421; *People v Rose,* 178 AD3d 1091, 1092-1093 [2d Dept 2019]; *People v Guzman,* 153 AD3d at 1276).

While "[a] trial court is required to grant a hearing if the defendant 'raise[s] a factual dispute on a material point which must be resolved before the court can decide the legal issue' of whether evidence was obtained in a constitutionally permissible manner" *(People v Burton,* 6 NY3d at 587, quoting *People v Gruden,* 42 NY2d 214, 215 [1977]; *see People v Esperanza,* 203 AD3d at 128; *People v Lambey,* 176 AD3d 1232, 1234 [2d Dept 2019]; *People v Worrell,* 138 AD3d 1154, 1155 [2d Dept 2016]; *People v Jennings,* 110 AD3d 738, 739 [2d Dept 2013]), allegations that consist entirely of counsel's legal conclusions and which fail to set forth any facts in support of the motion are insufficient to mandate an evidentiary hearing *(see People v Cunningham,* 194 AD3d 954, 955 [2d Dept 2021]; *People v Massey,* 186 AD3d 1716, 1717 [2d Dept 2020]; *People v Robinson,* 118 AD3d 1028, 1028 [2d Dept 2014], *lv. denied* 24 NY3d 1046 [2014]; *People v Smith,* 69 AD3d 657, 657 [2d Dept 2010], *lv. denied* 14 NY3d 844 [2010]).

Because Defendant's motion seeking suppression of physical evidence is not accompanied by any factual allegations in support thereof, including a description of the physical evidence or

8

the circumstances of its recovery, and, instead, rests entirely on the legal conclusions that his rights were violated under the Fourth and Fourteenth Amendments of the United States Constitution, and Article 1, Section 12, of the New York State Constitution, said motion is denied without the need for an evidentiary hearing.[3]

## 4. MOTION FOR SUPPRESSION/PRECLUSION OF DEFENDANT'S STATEMENTS.

Citing CPL § 710, the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, and Article 1, Sections 6 and 12, of the New York State Constitution, Defendant moves to "suppress the use as evidence at any trial, any and all evidence and testimony relating to any alleged out of court statement/s allegedly made by the defendant" or, in the alternative, granting hearings pursuant to *People v Huntley*, 15 NY2d 72 [1965], and *Dunaway v New York*, 442 US 200 [1979] (*see* Pages 2-3, Paragraph 4, of Defendant's Notice of Omnibus Motion). In so moving, Defendant submits that any statement(s), "besides [his] testimony…in the Grand Jury," was/were involuntarily made, and obtained in violation of his rights to counsel and pursuant to *Miranda v Arizona*, 384 US 436 [1966] (*see* Page 12, Paragraph 23, of Defendant's Omnibus Motion Affirmation). Regarding his testimony before the Grand Jury, Defendant submits that it should be suppressed due to the People's failure to present evidence of the "single photographic misidentification and false identification" to the Grand Jury and their failure to address such with the defendant while he was being questioned (*see* Pages 12-13, Paragraphs 24-25, of Defendant's Omnibus Motion Affirmation).

In their response, the People aver that Defendant's motion to suppress/preclude his statements pursuant to the Fourth and Sixth Amendments of the United States Constitution should be summarily denied and they consent to a hearing regarding his Fifth Amendment allegations (*see* Point C, Pages 8-12, of the People's Memorandum of Law).

---

[3] Pursuant to CPL § 245.20 (1) (m), information was disclosed in the People's Discovery Disclosure Index regarding the tangible objects allegedly possessed by the defendant or Co-Defendant Nunez. Specifically, the People provided descriptions of the allegedly possessed objects, the nature of the possession, and the method of seizure/recovery. Pursuant to CPL § 245.20 (1) (n), Defendant was also provided with copies of the search warrant related documents that pertain to this case, namely the "Affidavit in Support of Search Warrant" and the "Search Warrant Order." Therefore, ample information had been provided to Defendant prior to his submission of the instant motion to allow him to present legally sufficient factual allegations in support thereof.

The People have filed a single CPL § 710.30 (1) (a) Notice in this case and it pertains to the Grand Jury testimony provided by the defendant at approximately 1:00 p.m. on April 14, 2022.[4]

CPL § 710.30 (1) (a) requires that, within fifteen (15) days of arraignment, the People must serve notice of their intention to use at trial "evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible" (*see also People v Porter*, 192 AD3d 222, 224 [2d Dept 2020]; *People v Ward*, 175 AD3d 722, 724 [2d Dept 2019]). Insofar as the People have only served a notice signifying their intent to offer at trial evidence of statements allegedly made by Defendant during his Grand Jury testimony, absent a showing of "good cause" (*see* CPL § 710.30 (2); *People v Porter*, 192 AD3d at 226; *People v Barnette*, 150 AD3d 1134, 1136 [2d Dept 2017], *lv. denied* 29 NY3d 1123 [2017]), "no evidence of [any other statements] may be received against him upon trial" (CPL § 710.30 (3)). If the People seek to introduce evidence of a statement made by Defendant to a public servant which they believe falls outside the parameters of CPL § 710.30 (e.g., res gestae, pedigree, spontaneous), absent agreement and consent by defense counsel, they must seek a ruling from the Court beforehand.

With respect to Defendant's Grand Jury testimony, "[t]he procedures that defendant must follow in order to exercise [his] statutory right to testify before the Grand Jury vitiate any concerns about the voluntariness of [his] testimony. It was [his] responsibility to request the opportunity to testify [pursuant to] CPL § 190.50 (5) (a) and [he was] in strict compliance with the signing of the waiver of immunity [under] CPL § 190.45" (*People v Sergio*, 16 Misc3d 1127(A), 2007 NY Slip Op. 51594(U) [Sup Ct., Kings County 2007]; *see People v Steele*, 134 Misc2d 629, 630 [Sup Ct., NY County 1987]). Moreover, "the record of the Grand Jury procedures establishes voluntariness, representation and discussion with his attorney, and the fact that he was specifically advised that his Grand Jury testimony could be used against him" (*People v Padron*, 118 AD2d 599, 600 [2d Dept 1986], *lv. denied* 67 NY2d 1055 [1986]; *see People v Sloley*, 179 AD3d 1308, 1312 [3d Dept 2020], *lv. denied* 35 NY3d 974 [2020]; *People v Chasey*, 5 AD3d 815, 816 [3d Dept 2004], *lv.*

---

[4] While the CPL § 710.30 (1) (a) Notice refers to a Grand Jury testimony date of April 14, 2021, it is clear that the actual year of presentation was 2022 as the offenses at issue allegedly occurred on July 7, 2021, thus making it impossible for the presentation to have taken place approximately three months prior thereto. Moreover, Defendant testified before the Grand Jury and was, therefore, cognizant of the year of presentation.

*denied* 2 NY3d 797 [2004]; *People v Jones*, 236 AD2d 217, 218-219 [1st Dept 1997], *lv. denied* 89 NY2d 1036 [1997]).

Accordingly, as this Court has determined that Defendant's Grand Jury testimony was uncontestably voluntary, his motion to preclude/suppress such at trial is denied.

## 5. MOTION FOR PRECLUSION OF DEFENDANT'S PRIOR CRIMES OR BAD ACTS; ASSOCIATED SANDOVAL AND VENTIMIGLIA HEARINGS.

Defendant moves to suppress the use of his prior convictions and/or criminal, vicious or immoral acts or, in the alternative, for hearings pursuant to *People v Sandoval*, 34 NY2d 371 [1974], and *People v Ventimiglia*, 52 NY2d 350 [1981], to determine their admissibility (*see* Pages 13-14, Paragraphs 28-29, of Defendant's Omnibus Motion Affirmation). Relying upon repealed CPL § 240.43,[5] Defendant requests "to know, at the earliest possible time," which of such acts "the prosecutor intends to use at trial to impeach defendant" (*see* Page 14, Paragraph 30, of Defendant's Omnibus Motion Affirmation).

In response, the People acknowledge their *Sandoval* and *Ventimiglia* obligations and consent to hearings on same if such disclosure is made. The People also indicate that should they "seek to introduce defendant's prior bad acts on their direct case [pursuant to *People v Molineux*, 168 NY 264 [1901]], the People will inform defense counsel and the Court and request a hearing before introducing such *Molineux* evidence" (*see* Point F, Page 18, of the People's Memorandum of Law).

CPL § 245.20 (3) (a) provides, in substance and pertinent part, that "[t]he prosecution shall disclose to the defendant a list of all misconduct and criminal acts of the defendant not charged in the indictment, which the prosecution intends to use at trial for purposes of impeaching the credibility of the defendant." To the extent that the People seek to use any of Defendant's prior acts of misconduct or criminality on their direct case as substantive proof of any material issue in the case, CPL § 245.20 (3) (b) likewise obligates "[t]he prosecution [to] disclose to the defendant a list of all misconduct and criminal acts of the defendant not charged in the indictment, which the prosecution intends to use at trial [for such purpose]." Lastly, CPL § 245.20 (3) further requires that "the prosecution shall designate whether it intends to use each listed act for impeachment

---

[5] This portion of Defendant's motion is interpreted as being brought pursuant to CPL Article 245, which replaced CPL Article 240, effective January 1, 2020.

and/or as substantive proof."

As the People have concededly not yet disclosed to the defendant a list of his acts of misconduct and criminality which the prosecution intends to use at trial for purposes of impeaching his credibility or as substantive proof of any material issue in the case, and designated their intended use thereof, this Court will not order the requested *Sandoval* and *Ventimiglia* hearings at the present time. Should the People seek to use at trial any prior acts of misconduct or criminality of the defendant for CPL § 245.20 (3) (a) or (b) purposes, they are directed to disclose to Defendant a list of all such acts of misconduct and criminality and to designate the intended purpose of each listed act. Pursuant to CPL § 245.10 (1) (b), the People "shall perform [these] supplemental discovery obligations *as soon as practicable* but not later than fifteen (15) calendar days prior to the first scheduled trial date" (emphasis added). If the People do so, Defendant may renew his application to preclude the People's use of such acts of misconduct or criminality at trial or, in the alternative, request a hearing thereon to determine the admissibility thereof. If the People fail to do so, no use of such acts will be permitted at trial.

## 6. MOTION FOR BRADY MATERIAL.

Pursuant to *Brady v Maryland,* 373 US 83 [1963], Defendant "requests that this Court order the [People] to disclose and turn over any and all exculpatory material to the defense, whether in their possession or within their control" (*see* Page 15, Paragraph 32, of Defendant's Omnibus Motion Affirmation).

In response, the People submit that they recognize their continuing obligation to disclose exculpatory evidence that is within their possession pursuant to *Brady* and *People v Fein* (18 NY2d 162 [1966])" and state that "[t]o the extent that such material becomes known and is in possession of the People, it will be provided to the defendant." The People further submit that they "have or will comply with their obligations under CPL [§] 245.20 (1) (k), (l) and (p)" (*see* Point B, Page 7, of the People's Memorandum of Law).[6]

The People are reminded to remain cognizant of their discovery obligations not only as required by *Brady, Giglio v United States,* 405 US 150 [1972], *People v Geaslen,* 54 NY2d 510

---

[6] The Court notes that Items K and P of the Discovery Disclosure Index, referring to "Exculpatory and Impeachment Information" and "Judgments of Conviction for Defendants and Witnesses Excluding Law Enforcement and Expert Witnesses," respectively, indicates that such information has been provided to the defendant.

[1981], and their respective progeny, but also as mandated by CPL Article 245. Specifically, CPL § 245.20 (1) (k) requires that the prosecutor disclose "[a]ll evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf in this case, that tends to: (i) negate the defendant's guilt as to a charged offense; (ii) reduce the degree of or mitigate the defendant's culpability as to a charged offense; (iii) support a potential defense to a charged offense; (iv) impeach the credibility of a testifying prosecution witness; (v) undermine evidence of the defendant's identity as a perpetrator of a charged offense; (vi) provide a basis for a motion to suppress evidence; or (vii) mitigate punishment" and such disclosure must occur expeditiously upon its receipt, "whether or not such information is recorded in tangible form and irrespective of whether the prosecutor credits the information."

Pursuant to CPL § 245.20 (1) (l), the People must also disclose "a summary of all promises, rewards and inducements made to, or in favor of, persons who may be called as witnesses, as well as requests for consideration by persons who may be called as witnesses and copies of all documents relevant to a promise, reward or inducement."

To the extent that such has not been disclosed, should the People ascertain the existence of *Brady, Geaslen,* or *Giglio* material, or of any of the materials and information itemized in CPL § 245.20 (1) (k) and (l), through their mandated diligent, good faith effort to do so or otherwise, they are directed to expeditiously disclose the same upon its receipt. If such material or information does exist and is disclosed belatedly, or did exist and is now missing or destroyed, this Court will determine whether a sanction should be imposed and, if so, the appropriate remedy or sanction under the circumstances (*see People v Deas*, 75 Misc3d 190, 194 [Sup Ct, Westchester County 2022]; *People v Henry*, 74 Misc3d 1230(A), 2022 NY Slip Op. 50265(U) [Sup Ct, Richmond County 2022]; *People v Florez*, 74 Misc3d 1222(A), 2022 NY Slip Op. 50202(U), [Sup Ct, Nassau County 2022]; CPL § 245.80 (1) (a)).

## 7. RESERVATION OF RIGHT TO MAKE ADDITIONAL PRE-TRIAL MOTIONS.

Defendant's request to make additional pre-trial motions pursuant to CPL § 255.20 (*see* Page 15, Paragraph 31, of Defendant's Omnibus Motion Affirmation) is granted to the extent that, if sought, he will be required to serve and file an Order to Show Cause detailing the reason(s) why said motions were not brought in conformity with the time provisions and motions practice set forth in CPL § 255.20 (1) and (2), respectively.

13

[* 13]

However, notwithstanding the provisions of CPL § 255.20 (1) and (2), this Court will "entertain and decide on its merits, at any time before the end of the trial, any appropriate pre-trial motion based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within the period specified in [CPL § 255.20 (1)] or included within the single set of motion papers as required by [CPL § 255.20 (2)]" (CPL § 255.20 (3); *see People v Wisdom*, 23 NY3d 970, 972 [2014]; *People v Marte,* 197 AD3d 411, 413 [1st Dept 2021]; *People v Burke*, 174 AD3d 915, 915 [2d Dept 2019]; *People v Milman*, 164 AD3d 609, 610 [2d Dept 2018]).

## 8. MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS.

Citing the Sixth and Fourteenth Amendments of the United States Constitution, Article 1, Section 6, of the New York State Constitution, and CPL §§ 30.20 (1) and 30.30 (1) (b),[7] Defendant moves to dismiss Indictment Number 70886-22 "upon the ground that [he] has been denied his right to a speedy trial" (*see* Page 1, Paragraph 1, of Defendant's Speedy Trial Notice of Motion). Specifically, Defendant contends that his "constitutionally and statutorily protected rights to [a] speedy trial have been violated" because 251 days are chargeable to the People, "well more than the 180 days allowable" (*see* Page 9, Paragraphs 28-29, of Defendant's Speedy Trial Affirmation).[8]

The People contend that, although 286 days elapsed from the July 9, 2021 arraignment of Defendant on the felony complaint in the Mount Vernon City Court until their announcement of readiness on April 20, 2022, when Defendant was arraigned on the indictment by the Honorable George E. Fufidio, "because 169 days are excludable from the speedy trial calculation..., only 117 days of chargeable time" accrues to the People (*see* Point H, Pages 20 and 28, of the People's Memorandum of Law).[9] While the People specifically addressed Defendant's allegation that his

---

[7] Because he is accused of felony offenses, this portion of Defendant's motion is interpreted as being brought pursuant to CPL § 30.30 (1) (a).

[8] The Court notes that there are 185 days between July 8, 2021 (the date the criminal action was commenced), and January 8, 2022 (six months therefrom).

[9] The Court notes that the People announced their readiness for trial on April 25, 2022, and that 291 days elapsed from July 8, 2021 (the date the criminal action commenced) until April 25, 2022.

14

statutory right to a speedy trial under CPL § 30.30 (1) has been violated, they did not address Defendant's claim that his constitutional right to a speedy trial pursuant to CPL § 30.20 (1) has also been violated.

"Once a defendant sufficiently alleges that the People were not ready within the statutory period, 'the People have the burden of showing their entitlement to a statutory exclusion'" (*People v Brown*, 28 NY3d 392, 403 [2016], quoting *People v Luperon*, 85 NY2d 71, 81 [1995]; *see People v Santos*, 68 NY2d 859, 861 [1986]; *People v Berkowitz*, 50 NY2d 333, 349 [1980]). "Whether the People have satisfied [their] obligation is generally determined by computing the time elapsed between the [commencement of the criminal action] and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (*People v Cortes*, 80 NY2d 201, 208 [1992]; *see People v Carter*, 91 NY2d at 799; *People v Clinkscales*, 171 AD3d at 1087; *People v Huger*, 167 AD3d at 1042; *People v Lynch*, 103 AD3d 919, 920 [2d Dept 2013], *lv. denied* 21 NY3d 1017 [2013]; *People v Headley*, 100 AD3d 775, 776 [2d Dept 2012]).

Accordingly, Defendant's motion to dismiss Indictment Number 70886-22 is granted to the extent that a hearing will be conducted to determine if the People were ready for trial within six months of the commencement of the criminal action against Defendant, not including excludable periods.

The foregoing constitutes the Decision and Order of this Court.

Dated: White Plains, New York
July 29, 2022

————————————————
HONORABLE ROBERT J. PRISCO
County Court Judge

15

To:   HON. MIRIAM E. ROCAH
Westchester County District Attorney
111 Dr. Martin Luther King Jr. Blvd.
White Plains, New York 10601
Attn: Assistant District Attorney Adrian Murphy


ANGELO G. MACDONALD, ESQ.
Attorney for Defendant Fabian Johnson
200 West 60th Street, Suite 3A
New York, New York 10023

16

[* 16]